IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| OLGA WHITE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:25-CV-504-RAH |
| | ) |
| REGIONS BANK, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION AND ORDER**

Defendant Wells Fargo Bank, N.A. (Wells Fargo) previously removed this action from the Circuit Court of Montgomery County, Alabama based on federal diversity jurisdiction. Following that removal, this Court *sua sponte* raised the issue of subject matter jurisdiction because it appeared from the court file that diversity did not exist and that the amount in controversy threshold was not met. Embracing the Court's concerns, Plaintiff Olga White has moved to remand.[1] The matter has been fully briefed, and the Court has held oral argument. Accordingly, the matter of this Court's jurisdiction is ripe for consideration. For good cause, the Court concludes that subject matter jurisdiction does not exist. Accordingly, this case will be remanded to the Circuit Court of Montgomery County, Alabama.

## **BACKGROUND**

White sued Wells Fargo and Regions Bank (an Alabama-based banking corporation) in the Circuit Court of Montgomery County, Alabama, on state law

---

[1] White filed a *Reply to Response to Order to Show Cause And Memorandum In Support Thereof* (doc. 10), which the Court construes as a motion to remand since White requested remand of the case.

claims of fraud and negligence after White lost her savings in a telephone scam perpetrated by an unknown individual who claimed to work for the Federal Deposit Insurance Corporation. White's Amended Complaint stated that the "amount claimed in controversy is over $20,000.00 and does not exceed $75,000.00." (Doc. 1-2 at 182.)

White and Regions Bank subsequently agreed that White's claims against Regions Bank should be submitted to arbitration, and therefore those parties filed a *Joint Stipulation to Dismiss Claims and Compel Case to Arbitration*. However, before the state court ruled on the motion, Wells Fargo removed the case to this Court on the basis of federal diversity jurisdiction. In its notice of removal, Wells Fargo claimed complete diversity between the then-existing parties—White and Wells Fargo—and that the amount in controversy exceeded $75,000. As to the amount in controversy, Wells Fargo asserted that although White claimed in the Amended Complaint that the amount in controversy does not exceed $75,000, the actual amount in controversy is greater than $75,000 because White's Amended Complaint contains *ad damnum* clauses. According to Wells Fargo, the Court may treat the *ad damnum* clauses as demands for an unspecified amount of damages. And because White sought punitive damages for her fraud claim, she could receive up to $500,000 under Alabama law, despite the contrary statements in her Amended Complaint. This, Wells Fargo argues, shows by a preponderance of the evidence that the amount in controversy exceeds the Court's jurisdictional threshold.

After this Court issued a show cause order that raised concerns about subject matter jurisdiction, White filed an affidavit stating under oath that: (1) she "did not intend to seek damages in excess of the total amount $75,000.00 at the time the complaint was filed"; (2) she will not seek damages in excess of $75,000; and (3) she "will under no circumstances accept a judgment or settlement in this case in excess of $75,000.00." (Doc. 10-1.)

On August 29, 2025, the Court held a hearing to clarify whether the amount in controversy meets the jurisdictional threshold and whether Wells Fargo consented to remand based on the sworn statements in White's affidavit. During the hearing, White, through her legal counsel, confirmed that the amount in controversy is less than $75,000 and made binding stipulations and representations to the Court consistent with the affirmative statements contained in White's affidavit.

For its part during the hearing, Wells Fargo continued with its opposition to remand. It stated that it believes federal jurisdiction exists regardless of White's and counsel's stipulations. And further, Wells Fargo would rather litigate the case in federal court without a damage cap in place than in state court with a damage cap in place.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1332(a), federal courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *Underwriters at Lloyd's, London v. Osting–Schwinn*, 613 F.3d 1079, 1085 & n.4 (11th Cir. 2010); 28 U.S.C. § 1332. When "a plaintiff makes an unspecified demand for damages in state court," the burden is on the "removing defendant [to] prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional requirement." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (citation, internal quotation marks, and ellipses omitted); *see also Adventure Outdoors, Inc. v. Bloomberg,* 552 F.3d 1290, 1294 (11th Cir. 2008); *Friedman v. N.Y. Life Ins. Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005) ("In removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." (cleaned up)).

The preponderance of the evidence standard does not require a removing defendant "to prove the amount in controversy beyond all doubt or to banish all

uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). Reliance on "speculation," however, is "impermissible." *Id.* at 771; *see also Ericsson GE Mobile Commc'ns, Inc. v. Motorola Commc'ns & Elecs., Inc.*, 120 F.3d 216, 221–22 (11th Cir. 1997) (explaining that to satisfy the amount in controversy requirement, damage amounts cannot be "too speculative and immeasurable"). And courts should still use common sense to determine "whether the face of the complaint . . . establishes the jurisdictional amount." *Roe*, 613 F.3d at 1062 (alteration in original) (internal quotations omitted). Because removal infringes on state sovereignty and implicates central concepts of federalism, removal statutes are construed narrowly, with all doubts resolved in favor of remand. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). And "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Underwriters*, 613 F.3d at 1092 (cleaned up).

## DISCUSSION

As Wells Fargo notes, in determining subject matter jurisdiction, courts must focus on the facts as they existed when the case was removed and not on later developments. *Adventure Outdoors, Inc.*, 552 F.3d at 1294–95 ("The existence of federal jurisdiction is tested at the time of removal."); *Pintando v. Miami–Dade Hous. Agency*, 501 F.3d 1241, 1243 n.2 (11th Cir. 2007) (per curiam) ("[T]he district court must look at the case at the time of removal to determine whether it has subject-matter jurisdiction.").

To assist in this determination, courts may not consider post-removal changes to the amount in controversy, but they may consider post-removal *clarifications*. *See Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000) (emphasizing that post-removal affidavits are allowable only if relevant to that specific point in time of removal). Thus, when a plaintiff seeks after removal to *clarify* rather than

4

*alter* facts bearing on the amount in controversy, courts in this Circuit accept such evidence to help determine whether diversity jurisdiction existed at the time of removal. *See Pretka*, 608 F.3d at 751; *Sierminski*, 216 F.3d at 949. Further, while a court must consider punitive damages in an amount in controversy inquiry when sought in a complaint, *Bell v. Preferred Life Assur. Soc'y. of Montgomery, Ala.*, 320 U.S. 238, 240 (1943), the removing defendant still must establish a dollar amount from which the court can calculate punitive damages. Failure to establish that baseline amounts to speculation, which does not establish jurisdiction. *See Porter v. MetroPCS Commc'ns Inc.*, 592 F. App'x 780, 783 (11th Cir. 2014) (per curiam) (holding that removing party had to establish a baseline amount from which the court could calculate punitive damages); *Rae v. Perry*, 392 F. App'x 753, 756 (11th Cir. 2010) (per curiam) ("[The removing party] failed to present evidence that showed by a preponderance of the evidence that the compensatory and unspecified damages in the complaint, including punitive damages and attorneys' fees, alone or combined, met the jurisdictional amount [where the compensatory damages sought equated to $20,000].").

Here, while Wells Fargo urges the Court to ignore White's post-removal affidavit and statements because they constitute improper post-removal developments, the Court concludes the affidavit and statements of counsel simply serve as confirmation (and therefore a clarification if there is any ambiguity in the Amended Complaint, which there is not) of the amount in controversy at the time of removal. *See Sierminski*, 216 F.3d at 949.

At the time of removal, White's Amended Complaint stated that the "amount claimed in controversy is over $20,000.00 and does not exceed $75,000.00." (Doc. 1-2 at 195.) White's affidavit confirms that allegation, and seals it in place for the duration of this litigation. Wells Fargo offers nothing to counter it. Nor can it, given White's testimony. Wells Fargo's assertion that the Court should ignore White's

representation because her complaint seeks punitive damages is unpersuasive, as the stipulation to the $75,000 figure includes any claim to punitive damages.

In short, Wells Fargo has not shown by a preponderance of the evidence that the amount in controversy exceeds $75,000. To this end, the Court places significant weight on the confirmation that White has made in her affidavit testimony and the statements and representations of her legal counsel made to this Court. *See Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 808 (11th Cir. 2003). These statements and representations are binding no matter what happens in the future. White and her counsel are CAUTIONED that should she or her legal counsel not follow or honor White's sworn testimony or counsel's representations to this Court, this Court will not hesitate to impose swift sanctions if requested by Wells Fargo. *See id.* at 808 & n.6 (observing that plaintiff's counsel are officers of the court and subject to Rule 11 sanctions for making representations for improper purposes and that motions for sanctions may be initiated and decided even after the underlying case has been resolved and is no longer pending); *Burns*, 31 F.3d at 1095 (presuming that plaintiff's counsel recognizes that representations regarding amount in controversy "have important legal consequences and, therefore, raise significant ethical implications for a court officer").

## CONCLUSION

Considering the Amended Complaint, White's affidavit testimony, the representations made during the hearing in this matter, and the record as a whole, the Court concludes that Wells Fargo has not met its burden of showing that the amount in controversy is sufficient to invoke the jurisdiction of this Court. Remand is therefore proper for lack of subject matter jurisdiction.[2] White's stipulations and

---

[2] Although this case is being remanded due to Wells Fargo's failure to show that the amount in controversy threshold has been met, it also appears that, technically, diversity does not exist either because Regions Bank remains a defendant in this case. At the time of removal (which occurred

representations, however, remain binding. The Court provides notice that any violation of these stipulations and representations by White or her legal counsel will result in swift and forthcoming sanctions if requested.

Accordingly, it is **ORDERED** as follows:

(1) Plaintiff's *Reply to Response to Order to Show Cause And Memorandum In Support Thereof* (doc. 10), construed as a *Motion to Remand*, is **GRANTED**;

(2) This matter is hereby **REMANDED** to the Circuit Court of Montgomery County, Alabama; and,

(3) The Clerk of the Court is **DIRECTED** to take the necessary steps to remand this case back to the Circuit Court of Montgomery County, Alabama.

**DONE** and **ORDERED** on this the 15th day of September 2025.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE

---

at 4:40 p.m. on July 9, 2025), the *Joint Stipulation to Dismiss Claims and Compel Case to Arbitration* (doc. 1-2 at 220) filed by White and Regions Bank remained pending. At that moment, the state court lost jurisdiction over the case and any subsequent order, including an order that dismissed Regions Bank (*see* doc. 8-1 at 2), was a nullity.